Matter of Jamel N. A. (Nijer S. J.) (2018 NY Slip Op 03675)





Matter of Jamel N. A. (Nijer S. J.)


2018 NY Slip Op 03675


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-09240
 (Docket No. N-29628-13)

[*1]In the Matter of Jamel N. A. (Anonymous). Administration for Children's Services, respondent; Nijer S. J. (Anonymous), appellant.


Tammi D. Pere, West Hempstead, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing and MacKenzie Fillow of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Kings County (Jacqueline B. Deane, J.), dated July 19, 2016. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child by failing to provide him with an adequate education as demonstrated by the child's excessive school absences and tardiness. After a fact-finding hearing, the Family Court found that the mother had neglected the child.
To establish educational neglect, the petitioner was required to prove by a preponderance of the evidence that the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" due to the mother's failure to exercise a minimum degree of care in providing him with an adequate education (Family Ct Act § 1012[f][i][A]; see Family Ct Act § 1046[b][i]). Here, contrary to the contentions of the mother and the attorney for the child, the Family Court's determination that the mother neglected the child by failing to provide him with an adequate education was supported by a preponderance of the evidence. The petitioner met its prima facie burden of establishing educational neglect by submitting unrebutted evidence of the child's excessive school absences and tardiness along with the child's failing grades (see Matter of McKain W. [Coreen M.], 157 AD3d 708, 708-709; Matter of Joyitha M. [Reshmi M.], 121 AD3d 900, 901). The mother did not offer any evidence in support of a reasonable justification for the child's absences, tardiness, or failing grades (see Matter of Kiamal E. [Kim R.], 139 AD3d 1062, 1063; Matter of Khalil M. [Ebony A.], 94 AD3d 1003, 1003).
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court